THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 22, 2017



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Laura L. Cardenas and<br>David A. Cardenas,<br>        Debtors. | Chapter 13<br><br>Case No. 17-28533-svk |
| Laura L. Cardenas, et al.,<br>        Plaintiffs,<br>v.<br>City of Milwaukee,<br>        Defendant. | Adversary No. 17-02300 |

**DECISION AND ORDER AVOIDING TRANSFER**

      On September 22, 2017, the Debtors filed a complaint to set aside the City of Milwaukee's (the "City's") in rem tax foreclosure of their homestead (the "Property") as a constructively fraudulent transfer. Pursuant to Bankruptcy Code § 522(h), a debtor may use the trustee's avoidance power under § 548 to the extent the debtor could have exempted the property if the trustee had avoided the transfer.

      The Court held a trial on December 19, 2017. Richard A. Check appeared for the Debtor-Plaintiffs; Hannah R. Jahn appeared for the City; and Christopher D. Schimke appeared for the Chapter 13 Trustee. Following the trial, the Court scheduled a further hearing to determine the value of the Property for purposes of analyzing whether the Debtors were insolvent at the time of the transfer. However, after further review, the Court now issues this Decision and Order.

      At the beginning of the trial, Mr. Check stated the parties had stipulated that the value of the property at issue was $95,000 as determined by the City's tax assessment. Although the

Debtors' appraiser was not present at the trial, Mr. Check represented that the Debtors had an appraisal valuing the Property at $46,000, and he represented that the only issue in dispute was whether the Debtors were insolvent at the time of the transfer of the Property.

After reviewing the Debtors' debts shown on Schedule D and Schedule E/F, Mrs. Cardenas testified that the Debtors had the same liabilities at the time of the transfer. Schedule D showed $2,000 owed to Advance America, secured by a 2006 Chevrolet Malibu, as well as $10,000 in taxes owed to the City and secured by the Property. Mr. Check represented that a judgment obtained by Froedtert Hospital was not included on the Debtors' Schedule E/F, and including that judgment, the Debtors' liabilities totaled $24,617. However, Mrs. Cardenas testified that a scheduled debt of $2,637 under the name of Americollect Inc. was owed to Froedtert Hospital, and was the same debt represented by the judgment. Subtracting this amount, the Debtors' liabilities totaled $21,980. Ms. Jahn noted that only $3,940 in total unsecured debts was stated on the Summary on page 9 of Schedule E/F, but the actual total, not the erroneous summary, should govern. The Court's calculation shows $9,422 in unsecured debts and thus $21,422 in total liabilities.

| Taxes owed to City of Milwaukee | $10,000 |
|---|---|
| Debt scheduled as owed to Advance America secured by a 2006 Chevrolet Malibu | $2,000 |
| Unsecured Debt | $9,422 |
| | $21,422 |

Initially, Mr. Check argued that the total debts of $24,617 (by his calculation) exceeded the value of the Debtors' personal property which amounted to $24,000. (However, Mrs. Cardenas testified that at the time of the transfer, the Debtors had $600 less in their bank accounts than the amount scheduled, so the Court recognized the total value of the assets was $23,400.) Ms. Jahn pointed out that Mr. Check's total debts figure included the City's property tax claim, and the assets figure did not include the non-exempt value of the Property. Mr. Check argued that since the Debtors were personally liable for the tax claim, the amount should be included, but the Property should be excluded since it had been transferred. The Court rejected this argument. Immediately before the transfer the Debtors owed the taxes, and also owned the Property and their personal property.

Moreover, by simply comparing the Debtors' assets on Schedule A/B against the debts on Schedule E/F, Mr. Check's analysis did not consider the applicable law; this is troubling since Mr. Check is an experienced bankruptcy attorney who has filed similar avoidance actions in the past. In the future, the Court expects that counsel will have familiarized himself with the elements of the cause of action, and in this case, the Court hereby notifies Mr. Check that additional attorneys' fees for the prosecution of this adversary proceeding would not be deemed reasonable.

Bankruptcy Code § 101(32) provides the definition of "insolvent" for purposes of § 548. In the case of an individual, it means a financial condition such that the sum of the debtor's debts is greater than all of the debtor's property, at a fair valuation, "exclusive of . . . property that may

2

be exempted from property of the estate under section 522 of this title." Accordingly, it is necessary to calculate the total value of the Debtors' non-exempt property.

Schedule C shows that the Debtors exempted the full value of their furnishings, electronics, clothing, jewelry, checking and savings accounts, and retirement account. They did not claim their vehicle exempt, presumably since there is no equity in it. However, they could have exempted up to $4,000 pursuant to Wis. Stat. § 815.18(3)(g).

That leaves the Property. Based on their lower valuation, they scheduled only $36,000 of the Property as exempt. However, under Wis. Stat. § 815.20, a debtor may claim a homestead exemption of up to $75,000. Here, assuming the value of the property was $95,000, subtracting $75,000 results in $20,000 of non-exempt value. Since all of their other assets are exempt, for purposes of § 101(32), the Debtors' non-exempt assets total $20,000. The Debtors' liabilities of $21,422 at the time of the transfer exceeded $20,000. Therefore, even assuming that the Property was worth $95,000 as claimed by the City and stipulated by the parties, the Debtors were insolvent at the time of the transfer, and the only disputed element of § 548 is satisfied.

IT IS THEREFORE ORDERED: the transfer of the Property to the City is avoided under 11 U.S.C. §§522(h) and 548.

####